```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                         NORTHERN DIVISION

ELTON BEAL, FOR                                           PLAINTIFF
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARES OF EARL BEAL, DECEASED

VS.                              CIVIL ACTION NO. 3:20CV335TSL-RHW

MERIT HEALTH CENTRAL AND                                 DEFENDANTS
WANDA R. MCNEESE
```

### MEMORANDUM OPINION AND ORDER

Plaintiff Elton Beal, for and on behalf of the wrongful death beneficiaries of Earl Beal, deceased, commenced this action in the Circuit Court of Hinds County, Mississippi, alleging that as a result of medical negligence by defendants Jackson HMA, LLC d/b/a Merit Health Central (HMA) and Wanda R. McNeese, a nurse employed by HMA, Earl Beal, while hospitalized at Merit Health Central for treatment of burns received in a house fire, developed decubitus ulcers on his heels, which became severely infected, which led to above-the-knee amputation of both legs, and ultimately, to his death.  Pursuant to 28 U.S.C. § 1446, HMA, a non-citizen of Mississippi, removed the case to this court contending that defendant McNeese, who, like plaintiff, is a Mississippi citizen, was improperly joined and that this court therefore has jurisdiction over the case on the basis of diversity of citizenship under 28 U.S.C. § 1332. Plaintiff has now moved to remand pursuant to 28 U.S.C. § 1447,

1

claiming that he has asserted a viable claim for recovery against McNeese for negligence. HMA has responded in opposition to plaintiff's motion, maintaining that plaintiff has no reasonable possibility of recovery against McNeese.

As the removing party, the burden is on HMA to demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999)). Under the second prong, which is at issue here, the court must evaluate "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, unless that showing compels dismissal of all defendants." Id.

To determine whether there is reasonable basis of recovery, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id.  Usually, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Id.[1] When deciding whether a nondiverse defendant has been improperly joined because the plaintiff has failed to state a claim against him, the court applies the federal pleading standard applicable under Rule 12(b)(6), not the state pleading standard, as contended herein by plaintiff.  Under the federal standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1]  That said, the Fifth Circuit has observed that there will be cases, "hopefully few in number", in which the complaint states a claim but "has misstated or omitted discrete facts that would determine the propriety of joinder.  In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry . . . ." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004)(en banc).

3

alleged." Id. A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. Bowlby v. City of Aberdeen, Miss., 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted).

Plaintiff's complaint in this cause contains no factual allegations whatsoever about what McNeese did or did not do in connection with her alleged care of Earl Beal. Rather, it merely recites, in conclusory fashion, that McNeese was a nurse employed by HMA; that as such, she owed Earl Beal a duty of care; that she breached her duty of care; and that as a result, Earl Beal was damaged. In other words, the complaint does no more than recite the elements of a cause of action for negligence. As such, it plainly does not state a cognizable claim against McNeese for negligence,[2] see id., and the motion to remand will be denied.[3]

---

[2] In support of his motion to remand, plaintiff has attached excerpts of Earl Beal's medical records, which he contends show that McNeese was directly responsible for Earl Beal's wound care. However, these records, even if properly before the court for consideration, show only that McNeese was involved in Earl Beal's care at some point during his hospitalization at HMA. They do not suggest any factual basis for a putative claim against McNeese.

[3] HMA also argues that plaintiff's failure to provide presuit notice as required by Mississippi Code Annotated 15-1-36(15) is an additional basis for concluding he has no possibility of recovery against McNeese. See Miss. Code Ann.

4

Accordingly, it is ordered that plaintiff's motion to remand is denied, and the complaint as to McNeese is dismissed.

SO ORDERED this 24th day of June, 2020.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

§ 15-1-36(15) ("No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action."); Spann v. Wood, 269 So. 3d 10, 12 (Miss. 2018) (Miss. Code Ann. § 15-1-36(15) requires presuit notice to each nurse alleged to have been liable; notice to employer not sufficient).

5