```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION


ELTON BEAL, FOR AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
OF EARL BEAL, DECEASED                              PLAINTIFF

VS.                         CIVIL ACTION NO. NO. 3:20-cv-335-TSL-RPM

MERIT HEALTH CENTRAL and
JOHN and JANE DOES 1-25                            DEFENDANTS
```

ORDER

In its memorandum opinion and order of November 10, 2020, the court directed that plaintiff respond and explain why, if he intended to pursue a cause of action under Mississippi's survival statute and not merely a claim under the wrongful death statute, he did not open an estate and seek appointment as administrator so that he could properly bring such a claim. Plaintiff has now filed his response. Having considered his response, the court concludes that the motion to amend should be denied and that defendant's pending motion for partial summary judgment as to plaintiff's survival claim will be granted.

Federal Rule of Civil Procedure 17(a) requires that all actions be prosecuted in the name of the "real party in interest." "'The real party in interest is the person holding the substantive

1

right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery.'" Wieburg v. GTE Southwest Inc., 272 F.3d 302, 306 (5th Cir. 2001) (quoting Farrell Constr. Co. v. Jefferson Parish, 896 F.2d 136, 140 (5th Cir. 1990)). The administrator, executor or representative of the estate of a decedent has the exclusive authority to bring an action under Mississippi's survival statute. See Miss. Code Ann. 91-7-233. At the time plaintiff commenced this action, no estate had been opened for Earl Beal, and plaintiff, suing individually and on behalf of the wrongful death beneficiary, was not the real party in interest to prosecute a claim under the survival statute. He has now opened an estate and been appointed administrator and seeks to file an amended complaint reflecting that he is suing individually and on behalf of the estate and the wrongful death beneficiaries.

Federal Rule of Civil Procedure 17(a)(3) states that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Although this language appears to be an "unequivocal command" making ratification, substitution or joinder "mandatory

when timely sought", the Fifth Circuit has held that Rule 17(a)(3) is "applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult." Rideau v. Keller Indep. Sch. Dist., 819 F.3d 155, 165 (5th Cir. 2016) (quoting Wieburg v. GTE Southwest Inc., 272 F.3d 302, 308 (5th Cir. 2001)).[1] See also Magallon v. Livingston, 453 F.3d 268, 273 (5th Cir. 2006) (stating that "a plaintiff must have a reasonable basis for naming the wrong party to be entitled to ratification, joinder, or substitution.") (citing Wieburg, 272 F.3d at 308).  This interpretation "is aimed at cabining Rule 17(a)(3) to its intended purpose:  the 'avoid[ance of] forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought....'" Rideau v. Keller Indep. Sch. Dist., 819 F.3d 155, 165-66 (5th Cir. 2016) (quoting 6A Charles Alan Wright & Arthur R.

---

[1]  The court in Wieburg v. GTE Southwest Inc. observed that most courts have interpreted the rule in this manner in accordance with the Advisory Committee Notes, which state that "this provision was added 'simply in the interests of justice' and 'is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.'" Wieburg v. GTE Sw. Inc., 272 F.3d 302, 308 (5th Cir. 2001) (quoting Fed. R. Civ. P. 17(a) Advisory Committee Notes, 1966 Amendment).

3

Miller, FEDERAL PRACTICE AND PROCEDURE § 1555, at 565 (3d. ed. 2010)).

In evaluating a request for ratification, substitution or joinder under Rule 17(a)(3), a district court must consider "whether a plaintiff's mistake was understandable," and it may not "disregard[] a given 'reasonable explanation' for the mistake." Id. (quoting Magallon v. Livingston, 453 F.3d 268, 273 (5th Cir. 2006)). A plaintiff's mistake may relate to the facts or the law. See Rideau, 819 F.3d at 166 (holding that "[a] good-faith, nonfrivolous mistake of law triggers Rule 17(a)(3) ratification, joinder, or substitution."); Magallon, 453 F.3d at 273 (finding joinder proper where party indicated his belief, not wholly unfounded, that the individual on whose behalf he purported to sue was incompetent and this was a reasonable explanation). The Fifth Circuit has indicated that the "genuineness" of a plaintiff's position, that is, the credibility of his explanation, should also be considered. See Rideau, 819 F.3d at 166 (stating that "the consistency of the Rideaus' position tells us nothing about its genuineness" and noting that "the district court has the better perch for gauging the credibility of the parties before it.").

Under Mississippi law, plaintiff, in his individual capacity, was not the real party in interest as to the putative survival

4

cause of action asserted in the complaint.  The law on this point is clear and well-established.  Plaintiff does not contend otherwise.  Mississippi's survival statute states, "*Executors, administrators, and temporary administrators* may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted." Miss. Code. Ann. § 91-7-233 (emphasis added).  Moreover, as the court detailed in its previous opinion, several cases make the point that where a defendant's alleged wrongful conduct caused the decedent personal injuries during his lifetime but did not also cause his death, then "there can be no recovery for the heirs under the wrongful death statute" and instead, "any recovery for (the decedent's pre-death personal injuries) belongs to the estate under the survival statute."  In re Estate of England, 846 So. 2d 1060, 1068 (Miss. Ct. App. 2003) (citing Berryhill v. Nichols, 171 Miss. 769, 774, 158 So. 470, 471 (1935) (where proof failed to show that the death was caused by the alleged negligence, "any pain and suffering endured by him between the injury and death and which may be shown was probably caused by the asserted negligence, that is an item which must be recovered, if at all, under [the survival statute] at a suit by the personal representative, not by the next of kin or heirs at law.")).  See also Mississippi Valley

Silica Co., Inc. v. Barnett, 227 So. 3d 1102, 1109–10 (Miss. Ct. App. 2016), abrogated on other grounds by Portis v. State, 245 So. 3d 457 (Miss. 2018) ("[I]f it is not proven that the defendant's wrongful conduct proximately caused the decedent's death, 'there [can] be no recovery for the heirs under the wrongful death statute.' In that case, any right to recover damages for personal injuries that the decedent suffered during his lifetime would belong to the decedent's estate under the 'survival statute.'") (quoting In re Estate of England, 846 So. 2d at 1068), and citing Wilks v. American Tobacco Co., 680 So. 2d 839, 840 (Miss. 1996)).

    At the time plaintiff filed this lawsuit, there was no Estate of Earl Beal and plaintiff was not the administrator of his father's estate.  Thus, there was no proper party to bring a survival action.  Plaintiff has not argued to the court at any point in this litigation that he was a proper party in his individual capacity or as a wrongful death beneficiary to bring a survival cause of action.  More pertinently, he has not claimed that he ever believed, albeit mistakenly, that he was a proper party to bring such a claim.  In his response to the court's order requesting an explanation, plaintiff states only that he filed the suit "in close proximity of the statute of limitations potentially running on Plaintiff's claim" and that it was his counsel's

understanding at the commencement of the case that Earl Beal "had no assets which would otherwise necessitate the opening of an estate." He offers that, "[o]ther than these two factors, [he] cannot, in candor to the Court, provide any further explanation for the lack of an open estate prior to the commencement of litigation." Of course, the fact that the statute of limitations was about to run does not suggest that he was mistaken about the need to open an estate. And it may be true that he had no assets other than this litigation that would have necessitated opening an estate; but he does not actually claim that his counsel did not understand that under Mississippi law, it was necessary to open an estate to properly pursue a survival cause of action.

As plaintiff does not contend he was mistaken about his authority to bring a survival action in any capacity other than as the administrator of his father's estate, his request to amend under Rule 17(a)(3) will be denied, and defendant's motion to dismiss his cause of action under the survival claim will be denied.[2]  See <u>Bell v. Mine Safety Appliances</u>, No. 1:13-CV-01075, 2015 WL 10939715, at *3 (W.D. Ark. Nov. 17, 2015) (denying Rule

---

2    Of course, if he proves that the decedent's pre-death personal injuries and his death were caused by the same wrongful act by defendant, then he may recover survival damages as part of his claim under the wrongful death statute.

7

17(a)(3) motion because the determination of the real party in interest for survival claim was not difficult for the plaintiffs and there was no understandable or excusable mistake in this regard).

Accordingly, it is ordered that plaintiff's motion to amend is denied, and defendant's motion for partial summary judgment is granted.

SO ORDERED this 14th day of December, 2020.

/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE